**Vadym MATUSOV, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–75102.

United States Court of Appeals, Ninth Circuit.

Submitted April 10, 2008.*

Filed April 14, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.    R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Attorney, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Esq., Office of the District Counsel, San Francisco, CA, Anh–Thu P. Mai, Esq., Attorney, U.S. Department of Justice Civil Div./Office of Immigration Lit., Mark C. Walters, Esq., Attorney, U.S. Department of Justice, Washington, DC, Jeffrey P. Ray, Esq., Kansas City, MO, for Respondent.

Brian H. Pak, Esq., Los Angeles, CA, for Petitioner.

Before: HALL, T.G. NELSON, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Vadym Matusov, a native and citizen of Ukraine, petitions for review of the BIA's final order of removal and denial of eligibility for asylum, withholding of removal and relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1) and deny the petition for review.

We review for substantial evidence and grant the petition for review only if the evidence compels a contrary conclusion. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Ali v. Ashcroft*, 394 F.3d 780, 784 (9th Cir. 2005). Because the BIA expressly adopted and affirmed the immigration judge's entire decision, we review the immigration judge's decision. *Abebe v. Gonzales*, 432 F.3d 1037, 1040–41 (9th Cir. 2005) (en banc). Our review is limited to the administrative record in this case. 8 U.S.C. § 1252(b)(4)(A).

Matusov argues that the immigration judge's finding that he firmly resettled in England is not supported by substantial evidence. We agree. The only evidence in the record establishes that Matusov studied in England for four years pursuant to a temporary student visa. There is no evi-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

dence in the record that England offered permanent status to Matusov. 8 U.S.C. § 1158(b)(2)(A)(vi); *Maharaj v. Gonzales,* 450 F.3d 961, 972–76 (9th Cir.2006). However, this error is harmless because even though Matusov was not firmly resettled, he *still* has not shown he is eligible for asylum from Ukraine.

■ The immigration judge's finding that Matusov did not suffer past persecution in Ukraine is supported by substantial evidence in the record. To establish past persecution, Matusov must show that he "suffered persecution in the past in [his] country of nationality." 8 C.F.R. § 208.13(b)(1). Matusov is a national of Ukraine, has designated Ukraine as his country of removal and will be returned to Ukraine. The incidents that occurred while Matusov was living in Russia in 1994 and 1997 and in England by Russian agents, well after Ukraine's 1991 independence, do not establish past persecution in Ukraine.

The immigration judge's conclusion that Matusov was not persecuted in Ukraine due to ethnic origin is also supported by substantial evidence. The discrimination that Matusov faced in Ukraine in school when other students called him names and the university of his choice denied him admission does not compel a contrary conclusion. *Nagoulko v. INS,* 333 F.3d 1012, 1016 (9th Cir.2003); *Kazlauskas v. INS,* 46 F.3d 902, 907 (9th Cir.1995).

■ Similarly, substantial evidence supports the immigration judge's finding that Matusov's subjective fear of future persecution was not objectively reasonable. At most, Matusov was threatened by police in 1996 when he helped request an investigation from the police into his cousin's husband's death in Kiev. Even though Matusov requested further investigation, police never followed through with any threat and Matusov had no further contact with police. Matusov was not politically active

and did not participate in any anti-government demonstrations. He briefly returned to and lived in Kiev without incident in 1997. Finally, his mother remained in Kiev without incident and was living in Kiev when Matusov testified at his hearing in 2003. This record does not compel the conclusion that Matusov has an objectively reasonable fear of future persecution.

Because he has failed to establish eligibility for asylum, Matusov has not met the higher burden of proving that he is entitled to withholding of removal. *Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir. 2004).

Finally, to establish eligibility for relief from removal under the Convention Against Torture, Matusov must establish that "it is more likely than not" that he would be tortured if removed to Ukraine. *Khup v. Ashcroft,* 376 F.3d 898, 906–07 (9th Cir.2004). There is no evidence in the record to compel the conclusion that Matusov would be tortured if returned to Ukraine.

PETITION FOR REVIEW DENIED.